UNITED STATES WOOD PRESERVING CO. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. June 3, 1910.)

1. MUNICIPAL CORPORATIONS (§ 360*)—STREET PAVING CONTRACT—"EXTRA WORK."

Putting in expansion joints in a wood block pavement is "extra work," within a contract requiring, as a condition to a claim therefor, or its allowance, that it shall be first authorized in writing, and the price to be paid therefor be agreed on in the same way.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 892, 892½; Dec. Dig. § 360.*

For other definitions, see Words and Phrases, vol. 3, p. 2624.]

Appeal from Trial Term, New York County.

Action by the United States Wood Preserving Company against the City of New York for extra work under a paving contract. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, MILLER, LAUGHLIN, and DOWLING, JJ.

Terence Farley, for appellant.
John J. Cunneen, for respondent.

MILLER, J. On the 23d of June, 1905, the plaintiff entered into a contract with the defendant for repaving Broadway in the borough of Queens with wood block pavement, and on the 27th of June, 1905, entered into a similar contract for repaving Second avenue. The contracts contained the following provision:

"Extra Work Limited.

"No claim for extra work or materials shall be made by or allowed to the contractor unless before the performance of such extra work the president shall have first authorized the same in writing, and the price or prices to be paid therefor shall first have been agreed upon in writing between the president and the contractor, and the same shall have been done or furnished under a written order from the president, given before the performance of such ex-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tra work or the furnishing of such extra materials. The aggregate price to be paid for extra work or materials so authorized or ordered shall not exceed five per cent. (5%) of the contract price or total cost of the work and materials."

The plaintiff's general manager testified that at about the time of starting the work on the two contracts he had a conversation with the defendant's engineer, in which it was determined that it would be a good thing to put in pitch expansion joints, and that the engineer directed him to do that, and promised to send him an order for them. The contracts did not provide for expansion joints. Without any further agreement, and without the written authority of the borough president, the plaintiff proceeded to put in the expansion joints as the work progressed. The final certificate on the Second avenue contract was given by the engineer on the 6th day of October, 1905, and on the 28th day of November, 1905, the final payment was made and a general release given by the plaintiff to the defendant. The final certificate on the Broadway contract was made on the 20th day of October, 1905, and the final payment was made and a general release given on December 1, 1905.

On the 30th of November, 1905, the borough president gave to the plaintiff four separate orders for expansion joints for pavements on Second avenue, Broadway, Jamaica avenue, and Sanford avenue, the aggregate cost of which was more than $1,000. Probably the four orders were given separately to avoid complying with section 419 of the charter (Laws 1901, c. 466), and to make it appear that the work, called for by them, was independent of the contracts for repaving. It is unnecessary, however, to determine whether said section 419 applies, for it is plain that the putting in of the expansion joints was extra work within the meaning of the contract, and could only be recovered for in case, before performance, the borough president had authorized it in writing, and had agreed in writing with the contractor upon the prices to be paid. That provision of the contract could not be evaded after the contract had been completed, final payments made, and releases given, by written orders which were probably designed to evade a provision of the charter as well.

Judgment and order should be reversed, and the complaint dismissed, with costs. All concur.